UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RAYMOND HAYWOOD** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-3517** |
| **MARLIN N. GUSMAN (SHERIFF) CRIMINAL ORLEANS PARISH** | **SECTION "N"(4)** |

### REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **Title 42 U.S.C. § 1997e(c)(1) and (2)**. The Court held a hearing pursuant to *Spears v. McCotter*[1] on December 4, 2007, with the plaintiff, Raymond Haywood, participating by telephone.[2] Upon review of the entire record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

---

[1] 766 F.2d 179 (5th Cir. 1985). The purpose of the *Spears* Hearing is to ascertain what it is the prisoner alleges to have occurred and the legal basis for the claims. *Spears*, 766 F.2d at 180. The information elicited at the hearing is in the nature of an amended complaint or a more definite statement under Fed. R. Civ. P. 12(e). *Wilson v. Barrientos*, 926 F.2d 480, 481 (5th Cir. 1991). The cassette tape of the hearing is being placed in the custody of the Court Recording Unit along with a copy of this report.

[2] Rec. Doc. No. 21.

**I.      Factual Summary**

At the time of the filing of this complaint, the plaintiff, Raymond Haywood ("Haywood"), was incarcerated in the Central Lock-up Unit within the Orleans Parish Prison system ("OPP"). Haywood is no longer incarcerated.[3]

Haywood filed this *pro se* and *in forma pauperis* complaint pursuant to Title 42 U.S.C. § 1983 against Orleans Parish Criminal Sheriff Marlin Gusman, the Orleans Parish Criminal Sheriff's Office, OPP, and the OPP Medical Department seeking monetary damages for the unsafe conditions of confinement during Hurricane Katrina.[4]

**A.      The Complaint**

Haywood alleges that he was housed in the OPP on August 29, 2005, when Hurricane Katrina hit the New Orleans area. He complains that the electricity went off and the emergency generator caught on fire. Haywood claims that the air conditioning vents filled with smoke and caused his lungs to collapse. Haywood further states that he was treated for the condition only after he was transferred to another facility. He alleges that he continues to suffer from the side effects of the problem. Haywood, therefore, requests that the Court grant him all equitable relief as well as monetary compensation and medical treatment.

**B.      The *Spears* Hearing**

Haywood testified that he was serving a 30 month sentence on a cocaine related conviction. He also testified that he was housed in Templeman Jail, Phase II within OPP when the lights went off and the emergency generator turned on. He claimed that the inmates looked outside and

---

[3]Rec. Doc. No. 24.

[4]Rec. Doc. No. 12.

observed that the generator was on fire. He stated that smoke from the generator began filling the dormitory. He also testified that he was not endangered by the fire itself, as long as he did not leave the facility.

He testified that he remained in the jail from Monday until Wednesday, when he was evacuated. He also stated that, while in the jail, the smoke traveled through the vents from the shower area. He claimed that he continued to smell the smoke for the three days that he remained in the jailed.

Haywood also testified that, when he was evacuated, he was initially taken down the stairs to the booking area. He stated that he walked through waist-high water to a boat, which took him to the Broad Street bridge. Haywood further testified that he sat on the bridge until they were taken to Elayn Hunt Correctional Center ("Hunt"). He conceded that he did not experience breathing trouble while he waited on the bridge.

He also stated that he was not fed or given anything to drink until he arrived at Hunt on Wednesday night. Haywood alleged that he did not receive medical treatment at Hunt until Saturday because the prison was "backed-up." He stated that, upon examining him, the doctor took chest x-rays and prescribed Albuterol[5] and ibuprofen for the pain in his back. He acknowledged that the medicine helped to open his lungs. He was also given anti-itching cream for spots on his skin that developed from walking through the dirty water at OPP.

Haywood also stated that he was later sent to Pine Prairie Correctional Center in Pine Prairie, Louisiana. He claimed that he was not examined initially upon arrival at this facility, however, he

---

[5]This medication is used for the prevention and relief of bronchospasm in patients with reversible obstructive airway disease and and for the prevention of exercise-induced bronchospasm. Physicians' Desk Reference, 61st Ed., p. 3053 (Thomson 2007) ("PDR").

continued to take the medicine for the symptoms. He also testified that he was housed there for six months and the medical treatment he received consisted of refilling the Albuterol. He also stated that he was given a series of shots.

He stated that he was thereafter taken to South Louisiana Detention Center in Basile, Louisiana, where he remained for approximately three months. He also testified that, in May of 2006, he was transferred to the Louisiana State Penitentiary in Angola, Louisiana, where he was forced to sleep outside. While there, he claims that he caught pneumonia and underwent x-rays. He claims that he was asked by the treating physician why his lungs were so bad because they were collapsing.

Haywood indicated that he was eventually returned to the House of Detention within OPP where he continued to receive medical treatment. He testified that he was prescribed Zantac[6] to help with food digestion and Albuterol, which helped with his breathing ability although he still has some difficulty.

Haywood also testified that he filed suit against Sheriff Gusman because he was in Gusman's jail when he was exposed to smoke. He also stated that a prison guard saw the smoke and did nothing. He stated that he did not have an opinion as to what action the Sheriff could have done to prevent the incident. Haywood also testified that he did not recall suing the OPP medical department and that he did not have any complaints against the medical department.

## II.  **Standards of Review**

Title 28 U.S.C. §§ 1915(e)(2), 1915A and Title 42 U.S.C. § 1997e(c) require the Court to *sua sponte* dismiss complaints filed by prisoners proceeding *in forma pauperis* upon a determination

---

[6]This medication is used in the treatment of active duodenal ulcers, pathological hypersecretory disorders, gastric ulcers, GERD, and erosive esophagitis. PDR, p. 1625.

that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle,* 789 F.2d 318 (5th Cir. 1986), *modified on other grounds, Booker v. Koonce,* 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under these statutes, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams,* 490 U.S. 319 (1989); *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers,* 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992); *Neitzke,* 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins,* 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy,* 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus,* 976 F.2d 268, 269 (5th Cir. 1992).

### III.     Review for Frivolousness

#### A.     Orleans Parish Criminal Sheriff's Office, OPP, and OPP Medical Department

Haywood has named as defendants the Orleans Parish Criminal Sheriff's Office, OPP, and the OPP Medical Department as defendants in these proceedings. He did not set forth any particular allegations against these entities in his complaint. Furthermore, during the *Spears* Hearing, Haywood testified that he did not intend to name the OPP Medical Department as a party-defendant

nor did he have any complaints against that defendant. Nevertheless, the Sheriff's Office, OPP, and the OPP Medical Department are not proper defendants in this action.

In accordance with Rule 17(b) of the Federal Rules of Civil Procedure, Louisiana law governs whether the Orleans Parish Sheriff's Department has the capacity to sue or be sued in this action.[7] Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as ". . . an entity to which the law attributes personality, such as a corporation or partnership." La. Civ. Code art. 24. In Louisiana, however, Parish Sheriff's Offices are not legal entities capable of suing or being sued. *Ruggiero v. Litchfield*, 700 F. Supp. 863, 865 (M.D. La. 1988). The Orleans Parish Criminal Sheriff's Office is not a proper defendant under Fed. R. Civ. P. 17.

In addition, § 1983 imposes liability on any "person" who violates someone's constitutional rights while acting under color of state law. Title 42 U.S.C. § 1983; *see Will v. Michigan Department of State Police*, 491 U.S. 58 (1989). A parish prison facility is not a "person" within the meaning of the statute. *Cullen v. DuPage County*, 1999 WL 1212570, at *1 (N.D. Ill. Dec. 14, 1999); *Whitley v. Westchester County Correctional Facility Admin.*, 1997 WL 659100, at *6 (S.D.N.Y. Oct. 22, 1997); *Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993); *Hancock v. Washtenaw County Prosecutor's Office*, 548 F. Supp. 1255, 1256 (E.D. Mich. 1982). Thus, OPP and the OPP Medical Department are not proper defendants in this case.

Therefore, the claims against the Orleans Parish Criminal Sheriff's Office, OPP, and the OPP Medical Department must be dismissed as frivolous and otherwise failure to state claim for which relief can be granted.

---

[7] Rule 17(b) of the Federal Rules of Civil Procedure provides that the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." *See* Fed. R. Civ. P. 17(b).

**B.      Sheriff Gusman**

Haywood also named Sheriff Gusman as a defendant in the lawsuit.  He testified at the *Spears* Hearing that he named Gusman because he was in a jail run by the Sheriff in which his injury occurred.  Implicitly, Haywood's claim suggests that Gusman should be held liable because of his status as a supervisory official over OPP.

However, a supervisory official cannot be held liable pursuant to § 1983 under any theory of *respondeat superior* simply because an employee or subordinate allegedly violated the plaintiff's constitutional rights.  *See Alton v. Texas A&M University*, 168 F.3d 196, 200 (5th Cir. 1999); *see also Baskin v. Parker*, 602 F.2d 1205, 1220 (5th Cir. 1979).  Moreover, a state actor may be liable under § 1983 only if he "was personally involved in the acts causing the deprivation of his constitutional rights or a causal connection exists between an act of the official and the alleged constitutional violation."  *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981); *see also Watson v. Interstate Fire & Casualty Co.*, 611 F.2d 120 (5th Cir. 1980).

Haywood has not alleged that Sheriff  Gusman was personally involved in the acts about which he complains.  An official is deliberately indifferent to an inmate's safety in violation of the Eighth Amendment "only if he knows that the inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."  *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).  Haywood has not alleged that Gusman was, in any way, personally aware of his exposure to smoke or his medical condition and treatment, or that Gusman intentionally failed to take steps to secure his personal safety.  Haywood's statements and allegations also confirm that he was successfully removed from OPP after the Hurricane, albeit under harsh circumstances.

Therefore, Haywood's claims against, Sheriff Marlin N. Gusman should be dismissed as frivolous and otherwise for failure to state a claim for which relief can be granted.

**IV.     Recommendation**

It is therefore **RECOMMENDED** that Haywood's § 1983 claims against Sheriff Gusman, the Orleans Parish Criminal Sheriff's Office, OPP, and the OPP Medical Department be **DISMISSED WITH PREJUDICE** as frivolous and otherwise for failure to state a claim for which relief can be granted pursuant to Title 28 U.S.C. § 1915(e) and § 1915A and Title 42 U.S.C. § 1997e.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this ___12th___ day of _____February_____, 2008.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**